The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before former Deputy Commissioner Tamara Nance and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The parties are subject to and bound by the provisions of the Workers' Compensation Act.
2. The parties' I.C. Form 21 Agreement was approved by the Commission on April 12, 1993 and their Form 26 Supplemental Agreement was approved by the Commission on August 23, 1993.
3. Defendant paid plaintiff $200.01 in weekly disability compensation for the periods 25 January 1993 through 24 February 1993, and again from 22 June 1993 through December 1, 1993. Defendant also paid plaintiff temporary partial benefits for the period December 2-6, 1993.
4. Defendant has not paid any compensation benefits to plaintiff since 6 December 1993.
5. On 7 March 1994, the Commission received plaintiff's Form 33 hearing request seeking, in general, a resumption of compensation benefits and additional medical compensation.
6. On or about May 4, 1994, the Commission received defendant's response to hearing request asserting, in general, that plaintiff's absence from work and his medical problem are not related to his January 25, 1993 back injury.
The parties also stipulated to 80 pages of current medical records, 41 pages of prior medical records, 93 pages of rehabilitation records, 43 pages of physical therapy records, defendant's answers to plaintiff's interrogatories, and plaintiff's answers to defendant's interrogatories.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff is a 33 year old high school graduate who has a 20 year history of performing unskilled work at the medium to heavy exertional level.
2. In August 1992 plaintiff went to work as a laborer for defendant, which is in the business of making lumber for the local furniture industry. Plaintiff's job as a laborer involved frequent standing, bending, pulling, and lifting of boards weighing up to 50 pounds.
3. Plaintiff suffers from spinal stenosis, a congenital condition involving narrowing of the spinal canal caused by shortened pedicles. Although spinal stenosis in not caused by an injury, a significant twisting injury can cause the nerves to be irritated or swollen at the location of the stenosis, causing discomfort or numbness in the legs.
4. In 1989 plaintiff suffered two episodes of low back pain, one with radiating pain to the right leg. Between 1989 and January 1993 plaintiff was able to work without difficulty despite the congenital condition in his back.
5. On 25 January 1993 plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant when he slipped and twisted his back while carrying a heavy 4x4 over his shoulder. Plaintiff experienced numbness in his left leg following this back injury and was out of work for approximately a month. Plaintiff returned to lighter work on 25 February 1993 running the stacking machine. He continued to experience constant nagging pain in his back and intermittent numbness in his left leg, but was able to continue to work until 22 June 1993, when he sustained another injury to his back lifting a heavy pipe at work. Defendant admitted liability for the period of disability following this incident via a Form 26 Agreement in the same claim as the 25 January 1993 injury. During the months following the 22 June 1993 incident plaintiff continued to experience low back pain and bilateral leg pain and numbness, and underwent work hardening, physical therapy and rehabilitation. Dr. Rawlings released plaintiff to return to work without restriction on 1 December 1993, even though a functional capacity evaluation revealed he was capable of only light-medium physical demand work and could stand only 15 minutes. When plaintiff returned to work on 1 December 1993, he was required to stand all day and he continued to experience severe lower back and bilateral leg pain and numbness.
6. Plaintiff last worked for defendant on 22 December 1993. He suffered an exacerbation of his back pain at home on 25 December 1993 when he twisted to put a small piece of wood into his fireplace. The condition of plaintiff's back since this last incident has been such that he has been unable to earn any wages in any employment and requires back surgery for his stenosis to give relief of his leg pain and lessen the period of his disability.
7. The incident on 25 December 1993 was not a new, distinct and unrelated back injury, but merely a continuation of the compensable injury of 25 January 1993. Plaintiff has not yet reached maximum medical improvement from that injury.
8. The injury of 25 January 1993 aggravated plaintiff's preexisting lumbar stenosis, such that this previously asymptomatic congenital condition became symptomatic, rendering plaintiff susceptible to disabling periods of back pain brought on by work activities or even the most benign home activities. As a direct and natural consequence of the injury of 25 January 1993, plaintiff was not only unable to earn the same wages he was earning at the time of the injury in the same or any other employment, from 25 January 1993 to 24 February 1993, and again from 22 June 1993 to 1 December 1993, but was also rendered unable to earn the same wages he was earning at the time of the injury in the same or any other employment, from 25 December 1993 to the present.
9. The medical treatment plaintiff has received since 25 December 1993, and the surgery that has been recommended, has been reasonable and necessary to effect a cure, give relief, and lessen the period of plaintiff's disability from the 25 January 1993 compensable injury.
* * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. As a result of the injury of 25 January 1993, for which defendant admitted liability, plaintiff has been temporarily and totally disabled since 25 December 1993 and is entitled to receive temporary total disability compensation at the rate of $200.01 per week from 25 December 1993 and continuing thereafter until plaintiff returns to work or defendant obtains permission from the Industrial Commission to cease said payments. N.C. Gen. Stat. § 97-29.
2. Plaintiff is entitled to payment of all medical expenses by defendant as a result of his compensable injury for so long as such examinations, evaluations and treatments may reasonably be required to effect a cure, give relief, and will tend to lessen plaintiff's period of disability. N.C. Gen. Stat. § 97-25.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendant shall resume payment of weekly benefits at the rate of $200.01 per week commencing 25 December 1993 and to continue until plaintiff returns to work or upon further order of the Industrial Commission. That compensation which has accrued shall be paid to plaintiff in a lump sum, subject to the attorney fee approved below.
2. Defendant shall pay all medical expenses incurred by plaintiff for treatment of the involved injury, including the recommended surgery.
3. A fee of 25 percent of the compensation awarded herein is hereby approved for Mr. Walden. Said amount shall be deducted from the lump sum due plaintiff and paid directly to Mr. Walden. In addition, every fourth compensation check shall be forwarded directly to Mr. Walden for the balance of his fee.
4. Defendant shall pay the costs.
 S/ _______________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ _______________________________ THOMAS J. BOLCH COMMISSIONER
S/ _______________________________ DIANNE C. SELLERS COMMISSIONER
LKM:bjp